Ms. Carol Billings, City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the City of Pine Bluff has received a request for records that were referred to in an executive session of the Pine Bluff Civil Service Commission after which the chief of police was terminated. The records include the following:
 • A memorandum dated 5/31/01 from the mayor to the Civil Service Commission
 • A memorandum dated 5/29/01 from the attorney for the Civil Service Commission to the mayor
 • A report prepared by an independent attorney hired by the mayor to investigate allegations of sexual harassment
 • The Pine Bluff Police Department's policy concerning harassment and discrimination
• A letter dated 7/30/02 from the EEOC to the city attorney
• A determination letter dated 7/22/02 from the EEOC
• A determination letter dated 7/22/02 from the EEOC
You indicate that the custodian of the records has been advised by the attorney for the Civil Service Commission that these records are releasable. Two individuals who are referenced in the records have objected to their release. Your request for an opinion is presented on their behalf.
I am directed by law to issue my opinion as to whether the determination of custodian of the records regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's decision is correct except with regard to the EEOC records. In addition, I will note the possibility that certain information should be redacted before any of the records are released.
The following records constitute simple public records that are not subject to any exemptions from disclosure: The memorandum dated 5/31/01 from the mayor to the Civil Service Commission; the memorandum dated 5/29/01 from the attorney for the Civil Service Commission to the mayor; and the Pine Bluff Police Department's policy concerning harassment and discrimination.
The EEOC records should not be released. The FOIA provides that records are exempt from disclosure under the FOIA if they are exempt from disclosure under other laws. The pertinent provision of the FOIA states: "Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying[.]" A.C.A. § 25-19-105(a).
Under the confidentiality provision of Title VII [see 42 U.S.C. § 2000e-5
(b)], and under the federal Privacy Act [see 5 U.S.C. § 552a et seq.], records relating to an EEOC proceeding are not releasable by other agencies to which they are released by the EEOC. Although it is not entirely clear whether these federal law prohibitions extend to local governments as well as to federal agencies, they could be interpreted to extend to local governments. Because of this possible interpretation, it is my opinion that these prohibitions against release qualify as exemptions from disclosure under other laws, within the meaning of the FOIA. Moreover, because the penalties for violations of these federal laws are severe, it is my opinion that these records should not be released. Accord, Op. Att'y Gen. No. 2000-267.
The report prepared by an independent attorney hired by the mayor to investigate allegations of sexual harassment constitutes an "employee evaluation/job performance record" of the person being investigated, as well as the "personnel record" of any other employees mentioned therein. The disclosability of this record therefore must be analyzed under the two different applicable tests. If the record should be withheld from disclosure under the standard for employee evaluation/job performance records, it must not be disclosed. If, on the other hand, it would be disclosable under the standard for employee evaluation/job performance records but non-disclosable under the standard for personnel records, the record should be disclosed with the private personnel information redacted. If it is disclosable under both standards, as is the case with regard to the investigation report at issue, it should, of course, be released.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It is my understanding that the individual who was the subject of this report has been terminated on the basis of the matters that are reflected in the report, and that no avenues of administrative appeal are available to him. The first two conditions have thus been satisfied. The question of whether there is a compelling public interest in this record requires some analysis. The issue of whether there is a compelling public interest in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, The Arkansas Freedom of Information Act, 3rd Ed., at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins also notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
This office has consistently opined that the public does have a compelling interest in the release of job performance records relating to sexual misconduct. See, e.g., Ops. Att'y Gen. Nos. 1999-361; 94-119; 93-356 (records containing allegations of sexual misconduct of school superintendent give rise to compelling public interest); 89-073 (job performance records relating to sexual misconduct of police officers gives rise to a compelling public interest).
Having analyzed the report with the foregoing considerations in mind, I conclude that there is a compelling public interest in this record. Accordingly, all three conditions for the release of this record have been satisfied. However, before concluding that the record should be released, I must analyze its disclosability under the standard for the release of personnel records, in light of the fact that it constitutes the personnel record of the other employees mentioned therein.
Personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they pertain. A.C.A. §25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." Having reviewed the report, it is my opinion that the public's interest in this record outweighs any privacy interest these individuals may have in it.
Because the report is disclosable under both of the applicable standards of release, I conclude that it should be released. However, it is possible (depending on certain factual matters that I am unable to ascertain) that certain information should be redacted from it before it is released.
First, the report contains various employees' home addresses, telephone numbers, and family information, such as names of children, spouses, and ex-spouses. This type of personal information could be used to harass these employees. If the custodian determines as a factual matter that this is the case, the information should be redacted before the report is released. In Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), the Arkansas Supreme Court held that the home addresses of police officers could be used to harass them, and that such information therefore need not be disclosed. The same reasoning could apply to the personal information that is referenced in the report.
Second, the report contains references to various individuals who are not and never have been employees of the city. These individuals may have a constitutional privacy interest in such references. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. Whether such an interest exists is factual matter. If the custodian determines factually that any information reflected in the report meets the three prongs of test laid out by the McCambridge court, he or she must then consider whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information about the situation that is available to the custodian. If it is determined factually that the privacy interest prevails, the references to these non-employees should be redacted before the record is released.
It should be noted that in my opinion, which is based on the considerable factual information that has been made available to me about the employees who are referenced in the report, these referenced employees do not have a privacy interest in the report that would rise to the level of a constitutional right of privacy. However, I do not have enough factual information to draw this conclusion with regard to the non-employees who are referenced therein. Moreover, it is my opinion that the references to these non-employees is such that it can be redacted and would not necessitate withholding the entire record from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General